UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT J. HINES, ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 17-40042-DHH |
| DANIEL HERVEY, et al. ) | |
| Defendants. ) | |
| ) | |

## ORDER

**March 26, 2018**

Hennessy, M.J.

This matter comes before the court on Defendant Worcester Police Officers Trevis Coleman, Daniel Hervey, and Sean Riley's (collectively, the "City Defendants") motion to dismiss (Docket #19) and Defendant Brian Desmarais' Motion to Dismiss (Docket #22). Also pending before the court are pro se Plaintiff Albert Hines' two motions to amend the complaint. (Dockets #28 and 35). These matters are now ripe. After careful review of the motions and accompanying submissions, I have determined that a hearing on these matters is not necessary and therefore deny Hines' motions for hearing. (Dockets #25 and 30). For the following reasons, I hereby ALLOW the motions to dismiss (Dockets #19 and 22) and DENY the motions to amend (Dockets #28 and 35).

I. STANDARD

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The statement must

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 U.S. Dist. LEXIS 88007, at *13 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). In addition, the pleadings must afford the defendants "a meaningful opportunity to mount a defense." Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (quotation omitted). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why – although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)). There lies an exception to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible," Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the]

3

plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

Though most motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are "premised on a plaintiff's putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). "As a general rule, a properly raised affirmative defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defenses are definitely ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).

II.  BACKGROUND

On April 10, 2017, Hines filed this action alleging multiple claims against the City Defendants and Desmarais. (Docket #2). The claims in the complaint stem from Hines' June 15, 2016 arrest for assault and battery, unarmed robbery, and trespassing. (Id.).

In the statement of facts supporting the application for a criminal complaint, Hervey gives the following recitation of the events of June 15, 2016.[1] (Docket #20-1). On that date, at approximately 9:01 pm, the City Defendants were dispatched for an unarmed robbery. (Docket #20-1). The victim stated that a black male had punched her in the face, knocking her down, and then stole her yellow wallet out of her hands. (Id.). The victim, along with her husband, chased the assailant, observing him run down an alleyway. (Id.). The victim's husband and Desmarais, a witness who was walking his dog, informed the police that no one had entered or exited the

---

[1] The statement of facts supporting the application for a criminal complaint as well as the state court docket and Worcester Police Department incident report may be considered by this court without converting the instant motion to one for summary judgment as no party has disputed the authenticity of these documents. See Rivera, 575 F.3d at 15.

4

alleyway after the suspect.  (Id.; Docket #2 at ¶ 16).  Hervey found Hines in the alleyway on a set of stairs on someone else's property.  (Id.).  Located approximately fifteen feet from Hines was the victim's wallet.  (Docket #20-1).  On the stairwell where Hines was located were items of clothing Desmarias had said the suspect who fled down the alley was wearing.  (Docket #28-1).  Hervey recovered $40 in the form of two $20 bills, which the victim stated she had in her wallet, inside Hines' pockets.  (Id.).

In his verified complaint, Hines denies being the perpetrator, and states that, five minutes prior to the police entering the alley, he observed a black man come into the alley and bump into a dumpster.  (Docket #2 at ¶ 11).

Hines was arraigned in Worcester District Court, and was indicted by the Grand Jury on August 26, 2016 for assault and battery and unarmed robbery.  (Docket #20-2).  Hervey and Desmarais testified before the Grand Jury.  (Docket #2 at ¶ 21).  In his verified complaint, Hines asserts that both Hervey and Desmarais lied in their Grand Jury testimony.  (Id. at ¶¶ 22-23).

Hines filed the instant case on April 10, 2017, alleging claims against the City Defendants and Desmarais.  (Docket #2).  Hines seeks monetary damages in addition to injunctive and declaratory relief.  (Id. at 8-9).  A call to the Worcester Superior Court confirmed that the criminal prosecution of Hines remains ongoing with his trial scheduled to begin on May 14, 2018.

III.  ANALYSIS

A.  Defendant Desmarais

Hines asserts claims for monetary damages against Desmarais based on his allegedly false testimony in front of the Grand Jury.  (Docket #2 at ¶¶ 21, 23).  However, "all witnesses at judicial proceedings have an absolute immunity from damages liability based on their

testimony." Watterson v. Page, 987 F.2d 1, 9 (1st Cir. 1993) (citing Briscoe v. LaHue, 460 U.S. 325, 326 (1983)); see Frazier v. Bailey, 957 F.2d 920, 931 n.12 (1st Cir. 1992) (observing that defendants, "as private actors, are entitled, under common law, to absolute immunity for all testimony given to a court or a grand jury."). This immunity applies even if Desmarais testimony was knowingly false or incomplete. Id. Therefore, Hines' claims against Desmarais are subject to dismissal.[2]

B.     The City Defendants

   1. Claims for Monetary Damages

Hines asserts a cause of action against all the City Defendants pursuant to 42 U.S.C. § 1983, which allows "an aggrieved individual to sue persons who, acting under color of state law, abridge rights, immunities, or privileges created by the Constitution of the United States." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). Hines clearly states that he asserts claims against the City Defendants in their official capacities only. (Docket #2 at ¶¶ 4-6). "It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." Johnson, 943 F.2d at 108. Although the City Defendants did not raise this argument in their motion to dismiss, the claims for monetary damages, as they stand, simply cannot survive. I note that this is not a sua sponte dismissal as the court is acting in response to the City Defendants' motion to dismiss. See Sanchez v. Pereira-Castillo, 590 F.3d 31, 40 (1st Cir. 2009). However, in instances such as this, where a court grants a motion to dismiss on grounds other than those raised by the movant, the First Circuit has cautioned that if a court has "any doubt that plaintiffs understood that they were in danger of having their complaint dismissed on grounds they had not had an opportunity

---

[2] The claims against Desmarais are also subject to the Younger abstention doctrine described below. The same caveats concerning the claims for monetary damages versus injunctive and declaratory relief outlined in footnote 3 would apply equally to the claims against Desmarais.

to argue, the safest course would have been to give notice of the proposed grounds for dismissal and take arguments on the question." Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 243 n.2 (1st Cir. 2006). While the court can see no possible argument Hines could make to preserve his claims for monetary damages against the City Defendants as formulated in the complaint, in light of this caution, the court declines to dismiss the claims for monetary damages against the City Defendants with prejudice and instead will dismiss these claims without prejudice.

2. Claims for Injunctive and Declaratory Relief

The City Defendants assert, and this court agrees, that the claims against them for injunctive and declaratory relief must be dismissed pursuant to the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971).[3] (See Docket #20). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent an immediate and great threat of irreparable harm. Younger, 401 U.S. at 46. Abstention under Younger is appropriate only "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).

In the instant case, all three of these prongs are clearly satisfied. Hines is a criminal defendant in an ongoing state criminal prosecution. His prosecution implicates the important

---

[3] I note that the City Defendants actually do not limit their argument that dismissal is appropriate pursuant to the Younger abstention doctrine solely to the claims for injunctive and declaratory relief. (See Dockets #19 and 20). For the same reasons that I find abstention appropriate on the equitable claims, abstention would also be appropriate on the claims for monetary damages. However, when the state proceeding cannot redress the claims for monetary relief, such as here, a court may not dismiss those claims pursuant to the Younger abstention doctrine. Deakins v. Monaghan, 484 U.S. 193, 202 (1988). Instead, such claims must be stayed pending the conclusion of the state criminal proceedings. Kyricopoulos v. Orleans, 967 F.2d 14, 15 n.1 (1st Cir. 1992). Because the court has dismissed without prejudice the claims for monetary damages against the defendants for the reasons outlined above, no such stay is necessary.

7

state interests of promoting public safety and retaining authority over state criminal proceedings. See Davis v. Lansing, 851 F.2d 72, 76 (2d Cir. 1988) (noting that "Younger itself settled the importance of the state's interest in criminal proceedings"), cited in Labadie v. Worcester Superior Court, No. 14-11686-DPW, 2014 U.S. Dist. LEXIS 102505, at *5 (D. Mass. July 28, 2014). To the extent Hines raises federal constitutional challenges in his complaint, those challenges relate to his interactions with the defendants that led to his arrest and indictment. Hines will have the opportunity to raise these claims in state court, and it is not appropriate for this court to interfere with the state court's consideration of these claims. See Jackson v. Worcester Police Dep't, No. 10-40132-FDS, 2010 U.S. Dist. LEXIS 113726, at *7-8 (D. Mass. Oct. 26, 2010).

    C.    Motions to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a pleading] when justice so requires." A motion to amend should be granted unless it is apparent that it would be futile or reward undue or intended delay. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Where, as here, leave to amend is sought prior to the completion of discovery and the filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hatch v. Dep't for Children, 274 F.3d 12, 19 (1st Cir. 2001).

    1.    Motion to Amend to Add the District Attorney as a Party

Hines seeks to amend his complaint to add claims against the district attorney, asserting that the district attorney knowingly presented false testimony before the grand jury to obtain the indictment against him, thereby violating his civil rights. (Dockets #35, 36, and 37). This motion must be denied. "State prosecutors are entitled to absolute immunity from liability under

§ 1983 to the extent that such immunity is 'necessary to protect the judicial process.'" Filler v. Kellett, 859 F.3d 148, 152-53 (1st Cir. 2017) (quoting Burns v. Reed, 500 U.S. 478, 485 (1991)). "Accordingly, a prosecutor has absolute immunity when functioning as an 'advocate' for the state in 'initiating a prosecution and in presenting the State's case[.]'" Id. at 153 (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). Such immunity serves to "ensure the independence and effectiveness of the criminal justice system." Celia v. O'Malley, 918 F.2d 1017, 1019 (1st Cir. 1990). "The presentation of evidence to a grand jury and the decision to try a defendant for a particular crime is at the heart of that system." Id. at 1020.

    2. Motion to Amend to Add Attorney Bachrach as a Party

Hines also seeks to amend his complaint to add claims against Desmarais' attorney, Barry Bachrach, alleging that Bachrach interfered with his claim and also made false statements when he filed a motion to dismiss on behalf of Desmarais. (Docket #28). As discussed above, the court finds the arguments in the motion to dismiss meritorious and will dismiss the claims against Desmarais. Contrary to Hines' argument, Bachrach made no independent false statements in the motion to dismiss as all factual recitations in the motion to dismiss were supported by either Hines' verified complaint or the statement of facts in support of the application for criminal complaint, attached as exhibit 1 to the City Defendants' motion to dismiss. (See Dockets #22 and 23). Hence, the court finds that Hines' motion to amend to add claims against Bachrach is futile and therefore will deny the motion.

IV. CONCLUSION

For the foregoing reasons, I ORDER that the motions to dismiss (Dockets #19 and 22) be ALLOWED. The complaint is DISMISSED WITH PREJUDICE with respect to Defendant Desmarais; however, as to the City Defendants, the complaint is DISMISSED WITHOUT PREJUDICE with respect to the claims for monetary damages but DISMISSED WITH

9

PREJUDICE in all other respects.  I further ORDER that the motions to amend (Dockets #28 and 35) and the motions for hearing (Dockets #25 and 30) be DENIED.  Having dismissed the complaint, I also hereby ORDER that the motions to appoint counsel (Dockets #11, 41), the motion to continue with complaint (Docket #39), and the motion for habeas corpus be DENIED AS MOOT.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE